on the argument calendar this morning, and I think we'll dispense with the full reading of the calendar and move directly to our first case, which you can call at this time. Case number 23-3144 from the District of North Dakota, United States v. Sharmake Abdullahi. All right. Good morning, Ms. Quinn. Good morning. You may proceed when you're ready. Thank you. Good morning. May it please the Court, my name is Molly Quinn, and I represent the appellant Sharmake Abdullahi. We're asking the Court to vacate Mr. Abdullahi's convictions for kidnapping and attempted witness tampering, or on the alternative, to reverse and remand for a new trial. I'll start with the attempted witness tampering count. Mr. Abdullahi's conviction for this count should be vacated because the government failed to prove that at the time of the November 15th call, he contemplated a particular official proceeding. You do agree, though, that at least on the other elements, that it looks pretty bad for him, that the only one really in play in here is whether or not he knew about or contemplated the federal proceeding. That's right. That's the element we're challenging on appeal. Correct. Under sufficiency, yes. Mr. Abdullahi was charged with knowingly attempting to intimidate, threaten, or corruptly persuade Ms. Isaac, the alleged victim, with intent to influence, delay, or prevent her testimony in an official proceeding, specifically the criminal case in the District of North Dakota. And we know that an official proceeding must be federal. It can't be state. And it's true that under the statute, the official proceeding need not be pending at the time of the offense. And it's true that there's no mental state requirement, meaning the defendant doesn't have to know that the proceeding was federal in nature. But we also know from this Court's case law that the government has to show that the defendant contemplated a particular foreseeable official proceeding in which the testimony might be material. What do you think – so contemplated is not really a mens rea I've seen before, and I don't even know if it is a mens rea. What do you think contemplated means in the context of Patruch and some of these other cases? I think it means – I agree with you. It doesn't – if it meant no, it would say no. It doesn't say that. But I think it's tied, at least in this Court's case law, to the defendant. So the defendant contemplated. So I think it's not enough that – I think I'm going to make up a word – that an official proceeding was contemplatable or foreseeable. It's that, as this Court has stated, the defendant has to contemplate it. So it's subjective, subjective to the defendant. It's not – maybe you would say the reasonable – it's not the reasonable defendant test, for example. Right, because the case law says the defendant has to contemplate a foreseeable official proceeding. So foreseeable is separate from contemplate. So not – and to leverage Judge Shepard's question, not should have known either. It has to be somewhere between should have known and known, but we don't exactly know where. Right. I guess I'm going to say the same word back to you. But contemplated, I think it's kind of threading the needle of the statute says you don't have to know it's federal in nature. And it doesn't have to be instituted at the time of the offense. And I think the cases where it gets complicated, like this one, are where there are parallel – or potential parallel proceedings, where the defendant is charged in state court and knows that, and then there's federal stuff going on that they don't know about. Well, and that's what I was getting at. I'm actually not sure Petruk is right in the first instance as a matter of statutory interpretation. But leaving that aside, Richardson's easy because – well, it wasn't easy. But now it makes sense because he said, oh, I might go fed. I might go fed. This is – and so he clearly wanted to affect the testimony so that it didn't go fed in his own words. But how do you prove that other than – I mean, that was a jailhouse call. How do you prove that other than having somebody come in and testify to what he was thinking or a recorded call? I'm just trying to figure out what quantum of evidence do we need, in your view, to hold that somebody contemplated a federal proceeding. Is it enough, for example, that you cross state lines, which I'm sure is part of what the government's going to argue? And why isn't that enough? We would say no. And because – I would, again, go back to the standard that the case law has articulated, that the defendant has to contemplate that official proceeding. And so even if some people, like a room of federal practitioners, would know crossing a state line is going to give rise to federal jurisdiction, at least in this case, there's no evidence presented to the jury of that or that how many people know that. And then also, I think if we look at how the cases are applying it, specifically Richardson, the court there wasn't looking at is federal felon in possession a really common federal crime that people know about. It was – it looked at the evidence in that case, which was this particular defendant knew that because they were talking about it. They were talking about it going federal in the feds. And then that was the person on the other end of the call saying that to him. And then the defendant there repeated that later on in the calls to the alleged victim. Would it be enough if the FBI were to arrest someone and someone was placed in a federal penitentiary, even – or not penitentiary, jail, excuse me, even without knowing what the potential charge would be? So in other words, seeing, you know, somebody's FBI and all that, would that be enough for somebody to contemplate a federal charge? I think it's closer. And I think it's going to depend on the evidence in the case and whether there is also an instituted state proceeding that they know about, if that makes sense. It does. I'm just trying to figure out because it – otherwise, I don't want to create an unreasonably high standard where you don't have direct evidence that somebody is contemplating one, but maybe there's enough circumstantial evidence with an FBI. I know that we don't have an FBI badge and everything else. I think if there – I guess the only way I can answer it is if there were a case that this Court had issued that talked about the FBI agent arresting the defendant and that being sufficient for this element, we would distinguish that in this case because he wasn't arrested by an FBI agent. So I don't know that I know the answer to that. But as I recall, he was in state custody charged with state offenses of robbery and kidnapping, right? He was, yes. And he had had – I assume he had had an initial appearance or an arraignment. At least there's no – there's no dispute that he knew what the charges were, the state charges. Right. I'm not – But kidnapping, I mean, that's – don't you think the kidnapping, we normally think of that as a Federal charge and not a state charge? And if that's so, why couldn't we attribute that to the appellant here that should have at least crossed his mind that, hey, maybe I'm getting a break because I'm charged with state kidnapping rather than Federal kidnapping? But that could still be out there. I think I would disagree with the premise that the general public thinks of kidnapping as an interstate crime. I think that's something that the government and I just fundamentally disagree on, on what a reasonable person in the public would know. And I think in this case, we know that in these calls, when there is a reference to a proceeding or to the alleged victim coming to the place, at the time there's only a state court case. And so what he is contemplating is a state proceeding. And here, and I don't live in that area, but it seems to me that it's not an uncommon thing to be crossing a state line. Right. There's a lot of places like that, whether it's the Quad Cities, it's Council Bluffs, Omaha, it's Moorhead and Fargo. Does that play into it at all? And in the sense that I don't know if people think when they're in that area, oh, now I'm in North Dakota or now I'm in Minnesota. I think it definitely does. It's hard because there's, I guess to take it back to the facts, there's certainly no evidence in these calls that Mr. Labdulahi thinks of crossing that river as meaning something in terms of jurisdiction and what type of charges he's going to face. But I think it's true of the general public in those kind of border cities as well. That there's a bigger community as opposed to a different than maybe going from Moorhead to San Francisco. Right. And I agree that kind of the identification is these pairs or sets of cities that happen to be in different states. But the identification isn't necessarily the division between the states. One of the bits I think that the government relies on is this sort of redacted number of years. Can you explain how that was? So the jury never heard that number?  Okay. I'm not sure how that plays out. Well, I think it helps our case because the maximum penalty for kidnapping in federal court is life. And so when he says I'm facing a certain number of years or redacted number of years, it's the years that makes that clear that he is contemplating the state proceeding or he's talking about the state. And I don't know. Does the state carry a significantly less severe penalty? I don't know. I can't answer that. I would have to look that up. To follow up on that, why was it redacted? We couldn't find anywhere in the record even anything sealed. I can't figure out why. I've never seen it redacted in a situation like that one. I think it was to protect that general principle that the jury shouldn't be thinking about the penalty. Okay. But it's nowhere. Am I right that it's nowhere else in the record? At least not to the jury. I think I have. I can't answer specifically. I have a recollection of hearing 25, but I just don't know. I honestly don't know where I got that. I can look that up. Because I do think there's something to the, you know, if you said 50 years or life or whatever, I do think that generally speaking, I think most people would say that the federal penalties tend to be much, much stricter and harsher on almost everything, including drug crimes, than state crimes. But with that, with seeing redacted years, I don't know what that really means. It could be one year. It could be 75 years. I mean, I just don't know even what to do with that. I think it certainly doesn't help the government's case that he's contemplating a federal proceeding, that that is entirely consistent if not exclusive to state law. Yeah. And I don't think it also helps you that much either. It doesn't hurt you. Because even if life was the maximum, you know, the district court or whoever, the prosecutor could have been going off what they think that the calculation would have been. So he could have been facing 45 years. And so I'm not sure it helps anyone. Sure. I do think there's another part of that, one of those statements about a redacted years, that is helpful to our case. And in that exhibit, he says, you go look for the Somali girl, please shukri. All you need is a Somali girl because if the Somali girl comes, I will receive redacted years. And I think that word comes suggests that there is some sort of thing he knows that she might come to. And in his mind at that time, the only thing that she could possibly come to is a state proceeding. How long had the state proceeding been pending? It wasn't long, was it? He had been arrested a couple of days earlier. Just talking days, right? We are, yes. And he had been, I don't even know if I'm confident saying what day he was arrested. I know that he was interrogated on the 12th of November, and these calls are on the 15th. Was there any evidence or did it factor in the sophistication of your client in terms of, it seems to me that, I guess I had this reaction when I asked you sort of what is the state penalty for kidnapping him? I didn't know. And I didn't know under state law whether that would be roughly the same as federal or how it might be different. And it got me thinking, well, what about the sophistication of a younger man in the Somali community? And I didn't know if that was introduced at trial. There certainly isn't any evidence that this particular person or a person from his community would know about kind of the nature of federal charges in interstate transportation. And I think we do know from context, and I know the government has opposed our argument relating to the other calls, but I think they are important to answer that question, that once he is charged federally, he is on one of those phone calls explaining to the other person, well, my plaintiff is now the United States, like the whole country. And then he explains the crossing of state lines and all of that. And that from context, it's clear that that is new information to him, and he is explaining that for the first time. That was, I think, one of the calls in December. And I do, I guess I want to talk a little bit about a couple of the other calls. Go ahead. I wanted to ask one thing, and I know you're going to disagree with me, but I just want to lay it out there. On Patruch, I mentioned that I thought it might be that our original decision was wrong. I still think that that's right, because in classic criminal law, this is an attendant circumstance. It normally doesn't carry a mens rea requirement. Where you are in a particular case, you usually don't have to know that. For instance, if you're in a school zone, you have a gun. You don't need to know you're in the school zone. I just wanted to get your reaction. I just wonder whether we went off the rails in Patruch, you know, ten years ago when we talked about contemplation. Well, I disagree that Patruch is wrong. I think it is based on the Supreme Court proceedings, and I think it is important for there to be some sort of limiting factor here where there are these parallel proceedings, where there is a state proceeding, and the person knows about that and knows about the charges, has no idea that there's a federal investigation. Even though it was ongoing, that is kept from him. They don't tell him that at all. But the difference is it's criminal either way, whether you've tampered with a state proceeding or a federal proceeding. That's why we usually treat something like this as an attendant circumstance. So it's malum in se to use criminal law. It's wrong, morally wrong, regardless of whether it's a state or federal proceeding. So in those circumstances, we don't normally imply a mens rea. Sure. I guess I would go back to the Supreme Court's concern about a nexus, that, you know, these are these statutes have to have some sort of limitation on the types of conduct in relation to Federal court to invoke Federal jurisdiction.  At this time, I would like to reserve any remaining time. Thank you. Good morning, Mr. Schneider. Good morning. May it please the Court. Proceed when you're ready. Thank you, Your Honor. May it please the Court. My name is Mack Schneider on behalf of the United States. And the United States respectfully asks this Court to affirm the judgment of the District Court in all respects. Getting back into the attempted witness tampering conviction, a couple of the critical facts are that Mr. Abdullahi kidnapped the victim at gunpoint in Fargo, North Dakota. He directed her to punch into her GPS an address in Minnesota. He then transported the victim to Minnesota using the Federal interstate highway system. And within hours of the kidnapping, the FBI was assisting in the investigation of this classic Federal crime. So, I mean, you know, using a Federal interstate highway system is sort of, I understand your point in terms of the Federal jurisdiction. But I don't know. When I get on the highway, I think, I'm on a Federal highway now. Well, the reminder would be the welcome to Minnesota sign that Mr. Abdullahi passed with his victim before he directed her. That's a different question. It's just crossing the state line. But clearly an indication that he's engaging in interstate kidnapping at that point. And, again, going back to the start of this crime. Was that in evidence that there was a welcome to Minnesota sign that the parties would have seen? Because those don't always pop up everywhere. Well, in evidence was that he directed the victim to go to exit 1B. And I suppose judicial notice could be taken of the welcome to Minnesota sign, Your Honor. But some additional facts there. You mentioned the FBI, right? You said the FBI was, when were they involved again? Within hours. I believe Detective Schultz of the Moorhead Police Department testified in open court to that. So let's talk about chronology. Did the defendant know that? There's no evidence that the defendant knew he was being Federally investigated on November 15th. And that's when the call was, right? That's when the call was. And he said he was held in state custody on state charges during that November 15th call. But he didn't reference any state court proceedings in that telephone call. In fact, he referenced all of these things easing up if the Somali girl doesn't come to testify. If the victim, who is the key witness in any criminal prosecution, doesn't come to the place. You know, I'm thinking about this. Now I know. I mean, I've been a judge for almost 15 years. I know that if you cross state lines, you're going to get a Federal crime. But I think back to when, right before I was in law school in college, I don't think I would have known that crossing state lines ends up in a Federal crime. Now maybe we entertain some legal fiction. But, you know, if an FBI agent came up and flashed his badge, I'd say, okay, it's a Federal issue. If, you know, I went to a Federal jail or they said you're in a Federal facility, I'd say, okay. But, I don't know, you're in a state facility. There's state criminal charges, and there's no FBI agent involved. I don't know if crossing state lines would be enough for the reasonable average person, you know, even an educated person. Well, that's where the sufficiency of the evidence standard is so important in this case, Your Honor. The jury, in a crime like attempted witness tampering, is necessarily going to have to draw inferences. It was instructed to use its common sense, and it did. It is free, as a jury, to conclude that Mr. Abdullahi was not walled off from society and utterly lacking in just basic concepts of the Federal government that, frankly, a lot of people learn from watching movies or television. I'm not sure you're right about that. Again, I think back to myself. I considered myself a fairly educated person. I just don't think I would know that crossing state lines ends up in a Federal crime before I went to law school. And particularly once you've already been taken in by the state. There is a sort of this idea that we know that someone who's charged by the state officials may still have some Federal charges pending. But I don't think it's – I think it may be a decent assumption that someone says, oh, well, the state picked this one up, that's what I'm facing, and doesn't really think about what goes on behind the scenes, that we understand does. I think that might be true in cases like Patruch where the individual engaged in an intra-state theft of a pickup truck and an intra-state beating of that pickup truck's owner with a hammer. That all occurred within the state of Minnesota. In that case, maybe the Federal prosecution for carjacking wasn't foreseeable. Same with shavers. That was a single-family home in North Philadelphia where they served private guests alcohol for $3 to $4 a drink. Probably not foreseeable that those defendants would be charged with Hobbs Act robbery. But here, again, it's not what any one person would consider. It's whether there was sufficient evidence for the jury to conclude that he did contemplate a Federal proceeding, not just because he crossed state lines, but also in consideration of the other evidence. What is – what's the other, the best other evidence in addition to him crossing the state line? Really, Mr. Abdullahi's own statements when he was in state custody. To be very clear, he wasn't saying the state prosecution will go away. It was very much unlike Patruch where he's saying I need statements, the defendant in Patruch, that is, where he's saying I need court statements tomorrow or Friday. I need you to provide some false statements for me tomorrow or Friday. Clearly, unequivocally, as this Court noted, in reference to state proceedings. Horse of a different stripe here, Your Honors. Mr. Abdullahi was talking about criminal liability in general. Well, were there any state hearings scheduled at that point? I can't recall if there were hearings scheduled at the states. If there weren't any specific hearings, then, if he had just gotten his arraignment and he hadn't received yet a schedule of hearings, does that impact your argument here that you need to be talking about a particular date to assure that it's talking about the state proceedings and not a potential Federal one? I don't think that would change what he said in the jail call on November 15th, which, to be very clear, is all of these things will ease up. Not one prosecution, not this upcoming proceeding, not, as Shavers indicated, the defendant, Shavers, indicated, that I have trial on the 18th, all these things. He was, the reasonable inference, probably the most reasonable inference to draw, is that he was trying to tamper his way out of not just a state court prosecution but also a Federal prosecution, all of these things. This was interpreted, right? This was not in English, right, the statements in the jail to his sister? The original call was in Somali, and the jury was provided with Exhibit 66A, which is a transcript. And there was no, nobody contested the accuracy of the transcript? No, I think it was stipulated to in the record. Yes, Your Honor. It seems that sometimes those are the kinds of phrases, and I know it doesn't seem to be part of the record, that in translation, those sort of loose phrases don't always come out exactly like they were in the original language. And I realize that's not here, but I don't know if that's something you can consider? Probably not. Well, again, I think that's why the standard, the sufficiency of the evidence standard is so critical and really has to control in this case. Because, obviously, Your Honors are capable of reading Exhibit 66A, just like the jury did. But what this reviewing court doesn't have is the rest of the evidence. The interview between Detective Schultz and Mr. Abdullahi, for instance. So the jury had the benefit of considering this Exhibit 66A, the transcript, in the context of the larger evidence and, therefore, was able to draw inferences. And what's the larger evidence? What should we be focusing on then? The interstate kidnapping, the defendant's own statements that all of these things, globally, plural. Okay, all of these things. What else? Anything else? And then, also, the foreseeability, the objective foreseeability of the federal indictment. November 15th. But the thing is on that, and this gets the objective versus subjective. You heard the answer. Is it the government's position that contemplation is objective? Because foreseeability is necessary. It's reasonable foreseeability. It's necessarily objective. Well, the United States hasn't argued in favor of overturning Patruch. I know that's something Your Honor raised previously in this proceeding. Certainly, there's some inspiration for that. If Your Honor would like to review the Sutton case from the Tenth Circuit, there's two elements that the Tenth Circuit set forth. Contemplation of a particular official proceeding and a reasonable likelihood existed that the proceeding would be federal. That was the holding from the Sutton case. Again, we're not asking for that. We believe the evidence shows that Mr. Abdullahi did contemplate an official proceeding in the form of this case. That didn't answer my question. Are you asking for an objective standard by introducing the foreseeability standard, or are you saying that he subjectively – because in a subjective sense, foreseeability and contemplation are almost the same thing. If you say that foreseeability is subjective, it's the same thing. But if you take what defense counsel is saying, they're actually different concepts. Contemplation is some sort of subjective knowledge, and foreseeability is entirely objective. So that would be changing the standard just a little bit. So I'm trying to figure out what you're arguing. Yeah. In this case, Your Honor, the jury was instructed based on the case law from Patruch and quite clearly was asked to determine whether Mr. Abdullahi contemplated an official proceeding himself subjectively. Should the Eighth Circuit like to revisit its precedent, the Sutton case would be a decent place to start. Again, that's not something we'd argued for because Mr. Abdullahi, on this evidence, a reasonable jury could find that he contemplated a federal proceeding. Okay, so let's leave this. I want to get back to Judge Kelly's question, which we'll leave aside foreseeability because I don't think that works here. But you've mentioned interstate. You've mentioned the content of the conversations. Is there anything else that we should be looking at? Just to return to the discussion about the redacted years, there's some homespun wisdom. The saying goes, don't make a federal case out of it. The federal case is a big deal, right? And so this individual, Mr. Abdullahi, he didn't just mention facing redacted years once. He mentioned it twice. Now, I would agree that that evidence considered alone could go either way. But when you pile that on top of interstate kidnapping, when you consider that alongside the fact that he's talking about all of these things that he's facing criminally as a result of his interstate kidnapping, well, twice saying on a jail call where he's trying to be as subtle as he possibly can be that he's facing years in prison, the jury could reasonably draw the inference that that was consistent with a federal prosecution. What about the state charges? I feel like that's just, I don't know what to do with that because the parties, and I understand probably why they didn't want the jury to hear that number. But then you're really talking about a redacted nothing, right? So the jury has nothing. And I don't, I think, I don't, are you suggesting that the state charges are just not that significant? Because I think that if you were to ask somebody on the street kidnapping generally, whether it's state or federal, my instinct, my sense would be that, no, that's pretty serious. Whether it's state or federal, I mean, putting aside statutory max of life in the federal system, my gut tells me that that's not a big difference when you just come to the actual sentence that might be imposed. Well, taking that alone, Your Honor, I think that might be a fair commentary. But again, together with the rest of the evidence, the jury reasonably drew inferences that when he said all of these things after he had just committed the crime of interstate kidnapping days earlier, about a week earlier, that that is evidence that he contemplated an official proceeding. Well, here's the other problem you have, which is I just looked up North Dakota and Minnesota law. Just curious how long it is in kidnapping. And kidnapping is a term of years, too. Redacted years is completely, because 20 years is the maximum in both North Dakota and Minnesota. So I don't know what to do with that. That seems like pretty weak. Unless you were to say, oh, yeah, it's 75 years, and that's in the record. And for some reason, this was redacted. And respectfully, Your Honor, the issue isn't the perfect inference. It's whether the jury drew a reasonable one. Twice talking about facing years in prison, committing the crime of interstate kidnapping, taking this woman at gunpoint from Fargo to Minnesota, across the Red River of the North, on the Dwight D. Eisenhower system of interstate highways, and his own comments that all of these things he was facing would ease up if the witness were tampered with, a reasonable jury can conclude that he contemplated an official proceeding. Because somebody would know that the federal kidnapping charge at least could end up in a term of years. Certainly, yeah. I think a reasonable jury could look at this and say, yeah, someone could face years in state prison for kidnapping. Someone could face years in federal prison for that. But together with the rest of the evidence, we think when he said twice in this transcript that he was facing a term of years, that he was contemplating a federal prosecution. That's a fair inference for the jury to draw, and that's the most reasonable one, again, is that he was facing both a state prosecution and a federal prosecution. That's what he contemplated. The appellant is Somali? Correct, Your Honor. And speaks no English? No, he does speak some English, Your Honor, yes. Did he immigrate to the United States, or was he born in the United States? He immigrated to the United States. I believe the PSR indicates that he had been in the United States since he was 14 years old. So, again, a reasonable jury could conclude that someone who had lived in the United States for as long as the defendant did, but was not cloistered from society, had never watched a movie. How old is the appellant? How old, Your Honor? How old is he? I can't remember his exact age, I'm sorry. But you said the jury could take the number of years that he's lived in the United States and that that would support the government's case. I just wondered how long has he been in the United States? Well, he was an adult when he was prosecuted, and he had lived here since he was 14. Well, I mean, an adult is, I guess, 18 or 21. An adult is also 50. I mean, do you know how many years he's lived in the United States? I don't have his date of birth at my fingertips, Your Honor. I guess we could find that in the record in the PSR. Certainly. Yes, Your Honor. And with the three seconds that I have remaining, I'm willing to relinquish the balance of my time. Can I just ask one follow-up? Is the term of years, I know it wasn't presented to the jury, but for my own benefit, is it anywhere in the record as to the term of years that he was facing? I have seen the exhibit, Your Honor, but I want to be careful about whether it's in the record or not. Okay. If it's not in the record, then don't tell me. I was just wondering if there's some other place I could look. Yeah. I know the jury was presented with Exhibit 66A in redacted form. Okay. Thank you. Thank you, Your Honor. All right. Ms. Quinn. Thank you.  Thank you. I want to start or just address the question of what proceedings were scheduled. And I think that we can look to, I mentioned this earlier, look to Exhibit 66A, the actual call. And, again, I would refer to the court where he says if the Somali girl comes and there's no evidence that he knew or that there even was any sort of federal proceeding or even the grand jury schedule that she would be subpoenaed for. So when he says comes, that suggests that there is a place or a hearing that she would come to. And that has to be, in his knowledge, a state proceeding. And then I would refer the court to Exhibit 67A. That's another call from the same day, also on November 15th. And he specifically refers to an upcoming court date. I have a court date next month in December. And he refers, there's a reference to, I told them I would retain my own lawyer, which suggests that he's referring to state proceedings where he would have been asked if he wanted to have an attorney. And then that is all followed by him saying the most urgent thing you can do is to find her. How do we, how do you factor in the other exhibits? The parties agree that the one exhibit, the one call is all that the jury could rely on to determine whether or not the intimidation count was sufficient, was proven. So what are the other ones, what are the limits on the jury's ability to use the other ones? I think that the jury can consider them. I also think that we can win without them. But to answer your question, since I'm out of time, the limiting instruction itself, F7, was put in to address concerns about jury unanimity with these multiple phone calls. And it doesn't, that, the language of that instruction doesn't refer to you can only consider this for the official proceeding question. It says, it refers to attempted witness tampering or attempted to tamper with a witness in general. But in any ambiguity in that we think should be construed in the favor of Mr. Abdullahi. And then I'd refer the court to two other instructions that I think as a whole allow the jury to consider evidence from the other calls for these kind of questions of what he knew or what he contemplated. That is F6, that's the one about influencing a witness. That says the jury can consider other attempts to influence a witness to determine the significance to be attached to any such conduct. And then also F15, kind of the standard proof of intent or knowledge instruction. And that says that the jury can consider statements made and acts done by the defendant in all facts and circumstances and evidence to determine knowledge or intent. That would be knowledge of an upcoming proceeding. I guess taken as a whole, the court should be and the jury should have been allowed to consider the other calls for evidence of that contemplation. And I am out of time. Thank you very much. Thank you, counsel. The case has been well argued. And it is submitted and we'll render a decision as soon as possible. I'm going to stand aside.